Doc # 2023001401
03/07/2023 03:06 PM    # Pages 7
Official Records of ST THOMAS / ST JOHN
ERICA DOVER M.P.A., RECORDER OF DEEDS
Fees $1,019.00

After recording return to:
Goldman Law Offices, Inc.
9053 Estate Thomas, Suite 103
St. Thomas, VI 00802

# FIRST PRIORITY MORTGAGE

THIS MORTGAGE made this 28th day of February, 2023, between the Mortgagor, NORTHSHORE VI, LLC, a U.S. Virgin Islands limited liability company, with an address of P.O. Box 302147, St. Thomas, VI 00803, (herein referred to as "Borrower"), and ANJA SALAMACK of 11 Saraceno, Newport, CA 92657, (herein referred to as "Lender").

Whereas Borrower is indebted to Lender in the principal sum of One Million Dollars ($1,000,000.00), which indebtedness is evidenced a Promissory Note of even date herewith executed by Borrower (herein "Note"), providing for payment as further provided in said Note and attachments.

To secure to Lender (a) the repayment of the indebtedness evidenced by the Note, the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage, and the performance of the covenants and agreements of Borrower herein contained, and (b) the repayment of any future advance, with interest thereon, made to Borrower by Lender, Borrower does hereby mortgage to Lender the following described property located in St. Thomas, United States Virgin Islands:

> Parcel No. 17-5B Estate St. Peter
> No. 2 Little Northside Quarter
> St. Thomas, U.S. Virgin Islands
> as shown on P.W.D. No. D9-7184-T003

Together with all improvements now or hereafter erected on the property, and all easements, rights, appurtenances, leases, rents, royalties, mineral, oil and gas rights and profits, water, water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property are herein referred to as the "Property."

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, that the Property is unencumbered, and the Borrower will warrant and defend generally the title to the Property against all claims and demands, subject to any declarations, easements or

Mortgage
Page 2 of 7

restrictions listed in a schedule of exceptions to coverage in any title insurance policy insuring the Property.

Borrower shall promptly pay when due the interest and principal on the indebtedness evidenced by the Note, prepayment and late charges as provided in the Note, and the principal of and interest on any Future Advances secured by this Mortgage.

Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly installments of interest and the principal amount are payable under the Note, until the Note is paid in full. Unless applicable law provides otherwise, all payments shall be applied first toward any other sums owing under this Mortgage or the related Note, and then toward interest accrued on the Note, if any, and then toward principal in the inverse order of their maturity.

Borrower shall pay all taxes, assessments and other charges, fines and impositions attributable to the Property and provide documentation of same to Lender upon request by Lender. Borrower shall promptly discharge any lien, provided that Borrower shall not be required to discharge any such lien so long as Borrower shall agree in writing to the payment of the obligation secured by such lien in a manner acceptable to Lender, or shall in good faith contest such lien by, or defend enforcement of such lien in, legal proceedings which operate to prevent the enforcement of the lien or forfeiture of the Property or any part thereof.

Borrower shall be allowed to improve the property, but Borrower shall first obtain all necessary permits and otherwise comply with applicable laws, rules and regulations. If Borrower receives insurance proceeds as a result of loss or damage by fire, windstorm, earthquake, flood, or other casualty, such proceeds shall be used for repairs of the Property or for the erection or replacement of any improvements in its or their place. Any insurance proceeds not necessary for repair or replacement shall be retained and applied by Borrower toward payment of the indebtedness secured hereby, notwithstanding the fact that the amount owing hereon may not then be due and payable and the lien created by this Mortgage shall be reduced by the amount of such proceeds so applied.

Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property. Borrower shall maintain pest and termite control services comparable to those previously maintained on the premises by Lender. If Borrower fails to perform the covenants and agreements contained in this Mortgage, of if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums and take such action as is necessary to protect Lender's interest, including but not limited to disbursement of reasonable attorney's fees and entry upon the Property to make repairs. Any amounts disbursed by Lender pursuant to this paragraph, with interest thereon, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof, and shall bear interest from the date of disbursement at the rate payable from

time to time on outstanding principal under the Note unless payment of interest at such rate would be contrary to applicable law, in which event such amounts shall bear interest at the highest rate permissible under applicable law.

Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower reasonable oral notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Mortgage, with the excess, if any, paid to Borrower. In the event of a partial taking of the Property, unless Borrower and Lender otherwise agree in writing, there shall be applied to the sums secured by this Mortgagee such proportion of the proceeds as is equal to that proportion which the amount of the sums secured by this Mortgage immediately prior to the date of taking bears to the fair market value of the Property immediately prior to the date of taking, with the balance of the proceeds paid to Borrower. If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemn or offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within thirty (30) days after the date such notice is mailed, Lender is authorized to collect and apply the proceeds, at Lender's option, either to restoration or repair of the Property or to the sums secured by this Mortgage.

Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest.

If default shall be made in the payment of any sum of money described in the Note, or of any part thereof, or of any payment of any installment of principal or interest due hereunder, or of any part thereof, or if default shall be made in the payment of any sum of money described in the Note of even date made by the Borrower or of any part thereof, or of any payment of any installment of principal or interest due thereunder, or of any part thereof, or after default of payment of any tax or assessment or after default of any other provision of this Mortgage or the Note, for thirty (30) days after written notice sent to Borrower via certified mail or delivered by hand that it is due, it shall then be lawful, without further notice, for Lender to declare the full amount secured by this Mortgage immediately due and payable.

Borrower shall pay all costs and expenses, including attorneys' fees incurred by Lender because of any default by Borrower under this Mortgage or the Note.

If the property should fall into decay or deteriorate in condition in any material degree, or should Borrower default or be declared bankrupt, or the estate of the Borrower be surrendered to the probate court or to a commissioner of bankruptcy, should any required insurance premium, or payments, taxes or duties of any kind not be paid timely or if any lien shall be filed against the property and the same is not contested or removed within thirty (30) days, then, at Lender's option, the whole outstanding and unpaid amount of the loan shall, in each case become immediately due and payable.

If the property, when foreclosed upon and sold by Lender, should not yield an amount sufficient to cover the within loan, including principal, interest and all expenses, attorneys' fees and other fees and charges, then Borrower agrees to pay the balance to Lender and a deficiency judgment shall be entered for the same.

The holder of this Mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver, notwithstanding the adequacy of the security then available to Lender.

As of the date of this Mortgage, as security in addition to the property described in this Mortgage, the Borrower hereby absolutely and unconditionally assigns to the Lender all of its right, title and interest in and to all leases, oral or written, and any extensions, modifications and renewals thereof together with any and all guarantees of lessee's performance thereunder and all credits, deposits, claims, options, powers, benefits, privileges, and other rights arising thereunder, whether now in existence or which may hereafter come into existence during the term of this Mortgage, or any extension hereof, covering the mortgaged property, or any part thereof (but without an assumption by the Lender of liabilities of the Borrower under any such leases by virtue of this assignment), and the Borrower hereby absolutely and unconditionally assigns to the Lender the rents and other benefits of the mortgaged property now or hereafter arising from the leases to be applied by the Lender in payment of the debt, and of all other sums payable under this Mortgage. Notwithstanding the foregoing, so long as no default shall exist and be continuing hereunder, the Borrower shall have a license to collect the rents (subject to the provisions of this Mortgage). The Borrower shall hold the rents, in trust for use in payment of the debt. The license granted to the Borrower to collect the rents may be revoked by the Lender upon any default by the Borrower under the terms of the Note or this Mortgage by giving notice of such revocation to the Borrower. Following such notice the Lender may retain and apply the rents toward payment of the debt in such order, priority and proportions as the Lender, in its discretion, shall deem proper, or to the operation, maintenance and repair of the mortgaged property, irrespective of whether the Lender shall have commenced a foreclosure of this Mortgage or shall have applied or arranged for the appointment of a receiver.

Borrower shall, within ten (10) days after request in person, or within twenty (20) days after request by certified mail, furnish a written statement duly acknowledged by Borrower stating the amount due of the Note and whether offsets or defenses exist against the indebtedness evidence by the Note.

If any action or proceeding be commenced (except an action to foreclose this Mortgage or to collect the debt secured thereby), to which action or proceeding the holder of this Mortgage is made a party, or in which it becomes necessary to uphold or defend the lien of this Mortgage, all sums paid by the Lender for the expense of any litigation to prosecute or defend the rights and lien credited by this Mortgage (including reasonable counsel fees) shall be paid by Borrower and any such sum and the interest thereon shall be a lien on the property prior to any right, title or interest in or claim upon the property attaching or accruing subsequent to the lien of this Mortgage and shall be deemed to be secured by this Mortgage.

Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. All remedies provided in this Mortgage are distinct and cumulative to any other right or remedy under this Mortgage or afforded by law or equity, and may be exercised concurrently, independently or successively.

The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, except as otherwise expressly provided for herein.

Except for any notice required under applicable law to be given in another manner, any notice provided for in this Mortgage shall be given by mailing such notice by certified mail, return receipt requested, to the address of the respective party (Borrower or Lender) as contained herein, or at such other address as shall be designated in writing and given in a notice of change of address as such notices are required to be given herein.

This Mortgage shall be governed by the laws of the United States Virgin Islands.

Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution of after recordation hereof.

If all or any part of the Property or an interest therein is sold or transferred by Borrower without Lender's prior written consent, excluding (a) the creation of a purchase money security interest for household appliances, (b) a transfer by devise, descent or by operation of law upon the death of a joint tenant or (c) the grant of any leasehold interest of three (3) years or less, not containing an option to purchase, Lender may, at Lender's option, declare all the sums secured by this Mortgage to be immediately due and payable. Lender shall have waived such option to accelerate if, prior to the sale or transfer, Lender and the person to whom the Property is to be sold or transferred reach agreement in writing that the credit of such person is satisfactory to Lender and that the interest payable on the sums secured by this Mortgage shall be at such rate as Lender shall request. If Lender has waived the option to accelerate provided in this paragraph, and if Borrower's successor in interest has executed a written assumption agreement accepted in writing by Lender, Lender shall release Borrower from all obligations under this Mortgage and Note.

That wherever used in this Mortgage, unless the context requires a contrary construction or unless otherwise specifically provided herein, the term "Mortgagor" shall be construed as meaning the "Mortgagor, or Mortgagors, and/or any subsequent owner or owners of the Mortgaged Property," and the word "Mortgagees" shall be construed as meaning "Mortgagee, and/or any subsequent holder or holders of this Mortgage."

An event of default shall be the Borrower's failure to perform any of Borrower's obligations pursuant to the terms of the Note and/or Mortgage.

Upon request by Borrower, Lender, at Lender's option prior to discharge of this Mortgage, may make Future Advances to Borrower. Such Future Advances, with interest thereon, shall be secured by this Mortgage when evidenced by promissory notes stating that said notes are secured hereby.

Upon payment of all sums secured by this Mortgage, Lender shall discharge this Mortgage, and provide a release of mortgage in recordable form without charge to Borrower.

WITNESSES:

_____
Print Name: OLGAN TECNGRA

_____
Print Name: Antonette CB Kragel

BORROWER:
Northshore VI, LLC, a U.S. Virgin Islands limited liability

_____
STEVEN SHORE, Individually and as Member

Territory of the U.S. Virgin Islands   )
                                        ) ss: Acknowledgement
Division of St. Thomas & St. John      )

On this 28th day of February, 2023, before me the undersigned offer, personally appeared STEVEN SHORE, Individually and Member NORTHSHORE VI, LLC, a U.S. Virgin Islands limited liability company known to me, or satisfactorily proven to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

_____
Notary Public
Leigh F. Goldman, Esq.
Notary Public
St. Thomas/St. John, U.S. Virgin Islands
LNP-120-21
My Commission Expires: December 2, 2025

Doc # 20230001401

| WITNESSES: | BORROWER: |
|---|---|
| | Northshore VI, LLC, a U.S. Virgin Islands ~~limited liability~~ |
| *[signature]* | *[signature]* |
| Print Name: Anjelica Soria | ANJA SALAMACK, Individually and as Member |
| *[signature]* | |
| Print Name: Maria Lumbreras | |

State of __Texas__ )
) ss: Acknowledgement
County of __Montgomery__ )

On this __21__ day of February, 2023, before me the undersigned offer, personally appeared ANJA SALAMACK, Individually and Member NORTHSHORE VI, LLC, a U.S. Virgin Islands limited liability company known to me, or satisfactorily proven to be the person whose name is subscribed to the within instrument and acknowledged that she executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

*[signature]* 
Notary Public

LAUREN A KIRKINDOLL
Notary Public
STATE OF TEXAS
My Comm. Exp. 04-16-23
Notary ID # 13017127-7

Doc # 20230014401