## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

Anja Salamack,
      Plaintiff                        3:24-cv-33

v.

Northshore VI, LLC, and
Steven Shore
      Defendants
_____/

## EMERGENCY MOTION FOR PARTIAL ENFORCEMENT OF SETTLEMENT AGREEMENT

Plaintiff Anja Salamack motions this Court, on an emergency basis, to issue an order partially enforcing the settlement agreement entered into by the defendants and their counsel, namely requiring: **Delivery of the signed and attested deed in lieu of foreclosure for 17-5B Estate St. Peter** (the "Property").

Salamack requests sanctions be imposed on both the Defendants and their counsel for the intentional violation of the performance of the settlement agreement, and requests that the Court issue and order scheduling a show cause hearing to permit the Defendants and their counsel and opportunity to be heard prior to holding them in contempt of court.

Salamack requests that this matter be decided on an **emergency basis** as Salamack does not reside in the Virgin Islands and has traveled to the Virgin Islands in order to deal with the Property, including having electric power restored to the Property. Salamack is required by WAPA to have a **recorded deed** in order to have WAPA power turned on to the Property. Failure to have power turned on to the Property will cause additional harm to Salamack, and that harm will be unable to be remedied as the Defendants are insolvent.

**The Plaintiff consents to have this issue determined by Magistrate Judge G. Alan Teague.**

## Exhibits

| Exhibit No. | Description |
| --- | --- |
| 1 | 25-03-06_Salamack-Shore_SHORE SIGNED (MODIFIED) Settlement Agreement and Release |
| 2 | 25-04-04_Northshore_SIGNED and ATTESTED deed in lieu of foreclosure - 17-5B St Peter |
| 3 | 25-04-23_Salamack_Declaration of Michael Sheesley |

## I.   PRIOR CONFERENCE WITH JUDGE TEAGUE

On April 17, 2025, the parties had a conference with Judge Teague based, in part, on Defendants' refusal to communicate with Plaintiff. Discussed at that conference was Plaintiffs planned travel to the U.S. Virgin Islands on April 20, 2025 and the need to access the Property. Defendants during the conference, finally communicated that the Property was left unlocked and unsecured and was vacated by the Defendants.

This matter was mediated on February 24, 2025. The parties came to a preliminary settlement, and it was reduced to writing.  Attorney Rivers unilaterally (and without any notice) made material changes to the settlement terms, signed a modified settlement agreement and returned it on March 6, 2025 (EX 1) (the "Settlement Agreement").

As part of the Settlement Agreement the following were supposed to occur:

1. Inspection by Salamack by March 24, 2025 – **not permitted by Defendants**

2. Defendants to pay property taxes for the Property – **not done, Plaintiff paid property taxes on 4/22/25 in the amount of $8,945.59.**

3. Defendants were to provide a deed in lieu of foreclosure to be recorded – **not done despite repeated request. Defendants are in possession of the deed but have refused to provide the original for recording to the Plaintiff.** (See EX 2 – emailed copy of deed).

4. Defendants were to make other payments – **Default, Plaintiff will pursue all legal remedies in this case.**

## II.  NEED FOR EMERGENCY RELIEF

As the Defendants (and the Court) are aware, Ms. Salamack traveled to the Virgin Islands in order to deal with the Property, including performing an inspection and having the power turned on to the Property. Salamack leaves island on Friday, April 25, 2025.

**Power cannot be turned on to the Property without a recorded deed.**

The power situation needs to be rectified prior to Salamack leaving on April 25, 2025. On April 22, 2025, Plaintiff undertook to pay property taxes on the Property in the amount of $8,945.59 (despite being the responsibility of the Defendants) so that a tax clearance letter could be obtained in order to record the deed in lieu of foreclosure. Plaintiff repeatedly requested that the deed be provided to Plaintiff so that it could be recorded – Defendants refused. EX 3).

Defendants' counsel, Attorney Clive Rivers, is in possession of the deed but refuses to provide it to Plaintiff's counsel. This refusal can only be based on the desire to needlessly delay this matter and cause additional harm to the Plaintiff. There is no rational reason to refuse to provide the deed to Plaintiff's counsel.

The Property was left in damaged condition by the Defendant and not having power to the Property will cause further damage.

Below are photos of damaged doors at the Property, just one example of the damage. There is also water damage, and the Property is at risk of serious and unrepairable mold infiltration if the power cannot be turned on and the air conditioning appropriately operated.



Granting the emergency relief requested, requiring the Defendants to provide the deed to Plaintiff's counsel will not harm the Defendants in any manner. The Defendants have agreed to provide the deed to Plaintiff and have simply refused to honor their agreement.

## III.  CERTIFICATION OF COUNSEL

I declare under penalty of perjury under the laws of the United States Virgin Islands that the foregoing is true and correct.

Executed on April 23, 2025.            _____

Michael L. Sheesley

## IV.  LRCI 7.1(F)

Defendants were consulted and do not agree with the relief sought in this motion.

## V.  SANCTIONS SHOULD BE IMPOSED

The Defendants cannot justify their refusal to simply provide the deed in lieu, this Court should exercise its discretion and impose sanctions on the Defendants and Defendants' counsel.

Respectfully Submitted,
**Michael L. Sheesley LLC**

Dated:  April 23, 2025

s/Michael L. Sheesley
Michael L. Sheesley
V.I. Bar #1010
Condo Torre Del Mar, Apt 2201
1477 Ashford Ave
San Juan, PR 00907
Telephone: (412)972-0412
michael@sheesley-law.com